### ALBER v. HARRIS.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

ARREST—EVIDENCE TO WARRANT—SUFFICIENCY.

> A verified complaint charging defendant with assault and battery alleged positively, and not on information and belief, that defendant violently assaulted plaintiff. Accompanying the complaint was an affidavit made by plaintiff's guardian ad litem, in which substantially the same allegations were made, with the statement that affiant derived his information from the statements of the infant plaintiff and another named person. *Held*, that the allegations of the complaint, taken in connection with those of the affidavit, showed that affiant had no personal knowledge of the statements made by him positively in the complaint, and hence the complaint and affidavit as evidence were mere hearsay and insufficient to justify an order of arrest against defendant, where neither the affidavit of the infant plaintiff nor that of the other person from whom the guardian derived his information were produced or their absence explained.

Appeal from Special Term, Rensselaer County.

Action by Lawrence Alber, an infant, by Conrad Alber, his guardian ad litem, against Edwin S. Harris. From an order of the Special Term vacating an order of arrest against defendant, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Ransom H. Gillet, for appellant.

John T. Norton, for respondent.

CHESTER, J. We think the learned court at Special Term correctly vacated the order of arrest against the defendant because of the insufficiency of the moving papers. It may be conceded that it was proper to use the verified complaint as an affidavit, as the appellant insists. It is there alleged positively, and not upon information and belief, that the defendant did violently, maliciously, and willfully assault and attack this plaintiff, and kick and beat him. But, accompanying this complaint on the application for the order of arrest, was an affidavit, made by the guardian ad litem who verified the complaint, in which substantially the same allegations are made, and the affiant there states that he "derives his information from the statements of the said infant plaintiff and one Howard Manchester." When we take the allegations of the complaint and the allegations of the affidavit together, as we must, it is altogether clear that the affiant has no personal knowledge of the statements made by him positively in the complaint, and that his source of information in relation thereto is the statements of the infant and the said Howard Manchester. There was, therefore, no legal evidence before the court justifying the order of arrest. The entire matter rested on hearsay, and neither the affidavits of Manchester nor of the infant plaintiff were produced, nor the absence of such affidavits explained. Neither is it shown what either of these persons communicated to the affiant. The court, therefore, was without any competent evidence to justify the granting of the order, and it was properly vacated on the moving papers on the defendant's motion.

The order should be affirmed with $10 costs and disbursements. All concur.